IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**JUDGE DANIELS**

| | |
|---|---|
| **NUTRAMAX LABORATORIES, INC.**<br>2208 Lakeside Boulevard<br>Edgewood, Maryland 21040<br><br>and<br><br>**NUTRAMAX LABORATORIES CONSUMER CARE, INC.**<br>2208 Lakeside Boulevard<br>Edgewood, Maryland 21040<br><br>Plaintiffs,<br><br>v.<br><br>**TOMISLAV MARIC d/b/a**<br>**Nutramaxx Vitamins & Supplements**<br>22 Frost Lane<br>Hartsdale, New York 10530<br><br>and<br><br>**CRAFTY MOGULS INCORPORATED**<br>22 Frost Lane<br>Hartsdale, New York 10530<br><br>*Serve on:*<br>    Tomislav Maric<br>    Resident Agent<br>    22 Frost Lane<br>    Hartsdale, New York 10530<br><br>**Defendants.** | 14 CV 6181<br><br>Case No. _____<br><br>RECEIVED AUG 06 2014 U.S.D.C. S.D.N.Y.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs, Nutramax Laboratories, Inc. ("Nutramax Labs") and Nutramax Laboratories Consumer Care, Inc. ("Nutramax CC"), by and through their undersigned counsel, file this Complaint against Tomislav Maric ("Maric"), who does business or trades under the name,

Nutramaxx Vitamins & Supplements, and Crafty Moguls Incorporated ("Crafty Moguls"), and alleges as follows:

## THE PARTIES

1. Plaintiff Nutramax Labs is a Maryland corporation with its principal place of business in Edgewood, Maryland.

2. Plaintiff Nutramax CC is a South Carolina corporation with its principal place of business in Lancaster, South Carolina.

3. Nutramax Labs owns all of the trademarks that form the basis for this Civil Action, and for several decades has researched, developed, marketed, distributed, and sold nutritional supplement products throughout the United States and internationally under the "house" trademark, NUTRAMAX LABORATORIES®.

4. On January 1, 2014, Nutramax Labs licensed the NUTRAMAX LABORATORIES® mark to Nutramax CC, and Nutramax CC assumed the role of researching, developing, marketing, distributing and selling nutritional supplement products for humans throughout the United States and internationally under the NUTRAMAX LABORATORIES® trademark.

5. Maric is a resident of New York who resides at 22 Frost Lane, Hartsdale, New York 10530, but for purposes of the actions and activities at issue in this Complaint, he does business under the trade name, Nutramaxx Vitamins & Supplements, which he operates out of his home address in New York.

6. Crafty Moguls is, upon information and belief, a New York corporation with its address at Maric's home address of 22 Frost Lane, Hartsdale, New York 10530. Upon further information and belief, Maric is the sole or majority shareholder of Crafty Moguls and, at all

2

times relevant to the allegations in this Complaint, was solely or primarily responsible for managing and running the entity's day-to-day operations.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States, and pursuant to 28 U.S.C. § 1338 because it arises under trademark infringement and false advertising provisions of the Lanham Act.

8. This court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b) because this is a civil action not founded solely on diversity of citizenship and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in New York.

## ALLEGATIONS OF FACT

9. Starting with Nutramax Labs in the 1990's, and continuing with Nutramax CC in 2014 and through the date of this Complaint, Plaintiffs have been continuously and exclusively using the mark, NUTRAMAX LABORATORIES® in interstate commerce in connection with high-quality, respected dietary supplement products for humans and animals.

10. On July 16, 1992, Nutramax Labs applied for and was ultimately issued U.S. Trademark Registration No. 2231260 (the "'260 Registration") for the mark NUTRAMAX LABORATORIES® (the "Nutramax Mark") to identify "dietary food supplements" on March 16, 1999 (**Exhibit A**). The '260 Registration is now incontestable pursuant to 15 U.S.C. §1065, providing conclusive evidence of Nutramax Labs' ownership of the mark and its exclusive right to use the registered mark in commerce. Nutramax Labs licenses use of the Nutramax Mark to Nutramax CC.

11. Nutramax Labs also owns the following additional U.S. Trademark Registration and application for the Nutramax Mark, which it also licenses to Nutramax CC:

A. Registration No. 4077241 (the "'241 Registration") for the design/word mark "NUTRAMAX LABORATORIES" in connection with "dietary and nutritional supplements for human and veterinary use," which lists a date of first use in commerce of September, 2009 **(Exhibit B)**:



B. Registration Application Ser. No. 86123004 (the "'004 Application") for the design/word mark "NUTRAMAX LABORATORIES CONSUMER CARE, INC." in connection with "Dietary and nutritional supplements for human use," with a filing date of November 19, 2013 **(Exhibit C)**:



12. The dominant feature of Nutramax Mark is the word, NUTRAMAX.

13. Nutramax Labs owns the website domains, nutramax.com and nutramaxlabs.com.

14. Among the dietary supplement products that Nutramax Labs developed, marketed and sold over the years, and which Nutramax CC now markets and sells, is Cosamin®DS, which contains a combination of glucosamine and chondroitin sulfate (among other ingredients). Cosamin® was the first glucosamine/chondroitin sulfate supplement brand on the market in the 1990's, and Nutramax Labs obtained a United States patent covering the combination of glucosamine and chondroitin sulfate.

15. The trademark, NUTRAMAX LABORATORIES® is associated in the minds of the consuming public and retailers, doctors, pharmacists and other medical professionals, with high-quality, efficacious dietary supplements for humans, including Cosamin®DS. As such, Nutramax Labs and Nutramax CC have built and maintained a significant amount of goodwill associated with its trademark.

16. Nutramax CC advertises and sells its dietary supplement products in traditional brick-and-mortar stores, to health care professionals, by and through various retailers and distributors, and over the Internet.

17. Since the 1990's, Nutramax Labs and more recently, its subsidiary Nutramax Laboratories Veterinary Science, Inc. ("Nutramax VS"), has been developing, marketing and selling a line of high-quality animal health supplements, including the number one veterinary-recommended brand of joint health supplement, Cosequin®, and more than fifteen other animal supplement products, some of which are sold exclusively by veterinarians; others (including Cosequin®) are sold at traditional brick-and-mortar stores and online.

18. Animal owners who have purchased Nutramax VS's animal supplements and witnessed the benefit that these supplements have on their pets are often led to try Nutramax CC's human joint health supplements.

19. On information and belief, one or both of the Defendants offered for sale and sold several dietary supplement products for humans, including a product that contained glucosamine and chondroitin sulfate, using the mark "Nutramaxx."

20. Defendants' dietary supplement products were labeled with the name, Nutramaxx, and were advertised and sold on Defendants' website, www.nutramaxxvitamins.com and on the online retail website, www.amazon.com.

21. Thus, Defendants simply added a second "x" to the Nutramax Mark and used their infringing mark to market and sell dietary supplement products.

22. In fact, when a search on amazon.com was performed for the word "Nutramax" (using only one "x" in the search) and the words "glucosamine" or "chondroitin sulfate," the *Defendants'* products, not Nutramax CC's, appeared in the search results.

23. Actual confusion between the source, sponsorship or origin of Defendants' products and Nutramax CC's products has already occurred. On information and belief, consumers of Nutramax VS's veterinary products mistakenly purchased one or more of Defendants' human joint health products, believing them to be produced or sold by Nutramax Labs or Nutramax CC.

24. Nutramax CC's customer call support center also received inquiries from one or more customers of Defendants' products, who erroneously believed that Defendants' product had been made and sold by Nutramax CC.

25. Heightening the likelihood of confusion between Plaintiffs and Defendants, the Defendants' products also used the trademark registration symbol, "®" next to their use of the infringing mark to falsely suggest that Defendants owned trademark rights in the infringing mark.

26. Plaintiffs rightfully and legitimately indicate their registered trademark rights in NUTRAMAX LABORATORIES by using the "®" symbol.

27. Nowhere on Defendants' products, or in any advertising, or in any other manner available to the public, was Defendant Crafty Moguls identified as the owner or manufacturer of the Nutramaxx products, of Nutramaxx Vitamins & Supplements, or the website, www.nutramaxxvitamins.com.

28. By letter sent via certified mail to Defendant Maric on May 6, 2013, Nutramax Labs and Nutramax CC demanded that NVS immediately cease all use of "Nutramaxx" in connection with its business and its products.

29. Maric received the May 6, 2013 letter.

30. Yet, rather than take immediate action to attempt to correct or rectify any likelihood of confusion on their website or on amazon.com, where Defendants' products were sold, Defendants took efforts to increase or boost their sales by placing their "Nutramaxx" brand of dietary supplement products on sale.

31. Upon information and belief, it was only after Defendants had achieved significant additional sales and depleted all or most of their inventory of products that contained the infringing "Nutramaxx" mark, did they stop using the infringing mark on amazon.com to market and sell dietary supplement products.

## COUNT I: TRADEMARK INFRINGEMENT
### (Lanham Act, 15 U.S.C. § 1114)

32. Nutramax repeats and incorporates by reference all of the allegations set forth in paragraphs 1 through 31 above as if fully set forth herein.

33. Defendants had constructive notice of Nutramax Labs' '260 Registration pursuant to 15 U.S.C. §1072 at least as early as March 16, 1999, and constructive notice of the '241 Registration since as early as September of 2009.

34. Defendants had actual notice of the '260 Registration, the '241 Registration and the '004 Application no later than the date they received the May 6, 2014 letter from the Plaintiffs, yet for several weeks thereafter took no measures to cease and desist their infringing activities; rather, they intentionally continued infringing to sell more of their joint health supplement products that bore the infringing "Nutramaxx" mark.

35. Defendants have, without the consent of the Nutramax Labs or Nutramax CC, used in commerce a reproduction, copy or colorable imitation of the registered trademark, NUTRAMAX LABORATORIES® in connection with the identification, sale, offering for sale, distribution, and/or advertising of goods in a manner that is likely to cause confusion, or to cause mistake, or to deceive consumers thereof.

36. By and through their actions, Defendants intended to confuse or deceive, and willfully infringed Plaintiffs' trademark rights, and acted in bad faith, making this an exceptional case within the meaning of 15 U.S.C. §1117.

37. At all times herein, Defendant Maric controlled and directed the activities and actions of Nutramaxx Vitamins & Supplements and Crafty Moguls.

38. Defendants' use of an infringing mark has caused Nutramax Labs and Nutramax CC damage.

39. As a result of Defendants' actions, they are jointly and severally liable in a civil action by Nutramax pursuant to 15 U.S.C. § 1114.

## COUNT II: FALSE ADVERTISING
(15 .S.C. § 1125(a))

40. Nutramax repeats and incorporates by reference all of the allegations set forth in paragraphs 1 through 39 above as if fully set forth herein.

41. Defendants' use of the word Nutramaxx in connection with their joint health product constitutes a misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiffs, or to deceive that Plaintiffs are the origin of, sponsor or approve of Defendants' products and/or Defendants' commercial activities.

42. Defendants acted willfully and intended to confuse or deceive the consuming public.

43. Defendants' use of an infringing mark has caused Nutramax Labs and Nutramax CC damage.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons set forth herein, Plaintiffs pray that judgment be entered by this Court in their favor and against the Defendants, jointly and severally, on Counts I and II of this Complaint, and that the Court:

    A.    Permanently enjoin Defendants and any entities or individuals acting in concert or participation with them, from using in commerce any reproduction, counterfeit, copy, or colorable imitation of the Nutramax Mark, including but not limited to the word Nutramaxx, in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive;

    B.    Order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of the Defendants that bear the Nutramaxx mark or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, shall be delivered up and destroyed;

    C.    Issue an order requiring recall of any infringing merchandise sold and requiring Defendants to give written notice of the injunction to all

those who previously offered the infringing goods and those to whom the infringing goods have been sold;

D. Award Plaintiffs the Defendants' profits earned from the Nutramaxx Products and any damages sustained by Plaintiffs as a result of Defendants' infringement;

E. Award Plaintiffs three times any profits or damages, whichever is greater, that the Court awards pursuant to the immediately-preceding paragraph;

F. Require Defendants to pay Plaintiffs' reasonable attorneys' fees in pursuing this Action;

G. Award to Plaintiffs' prejudgment interest at an annual interest rate established under section 6621(a)(2) of the Internal Revenue Code of 1986 [26 USC §6621(a)(2)], commencing on the date of the service of this Complaint;

H. Award Plaintiffs the costs of this Action; and

I. Order such other relief as the Court deems just.

## PRAYER FOR JURY TRIAL

Plaintiffs respectfully pray for a trial by jury.

Respectfully submitted,

Dated: August 5, 2014

R. Michael Smith (NY Bar No. RS 8563)
smith@bowie-jensen.com
BOWIE & JENSEN, LLC
29 W. Susquehanna Avenue, Suite 600
Towson, Maryland 21204
Tel. (410) 583-2400

*Counsel for Plaintiffs, Nutramax Laboratories, Inc. and Nutramax Laboratories Consumer Care, Inc.*